RUDNIK v. MAYERS

1. ZONING—NONCONFORMING USE—ABANDONMENT—NOTICE.

A plaintiff was entitled to a building permit to repair a building which was a nonconforming use even though the township's zoning ordinance provided that there was no right to continue a nonconforming use which had been abandoned for three months and the plaintiff's predecessor-seller had abandoned the nonconforming use for the period specified, where the plaintiff had purchased the land and a nonconforming cottage on the land without notice of the nature of the nonconforming use or of its abandonment, where the zoning ordinance itself provided that a nonconforming use had to be recorded in the register of deeds office and that a report of abandonment of a nonconforming use had to be recorded by the township clerk, and where the proper notices had not been recorded, because the township board had itself determined that recording was a necessary protection to persons situated similarly to the plaintiff.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–5] 58 Am Jur, Zoning § 146 et seq.
[2] 29 Am Jur 2d, Evidence §§ 190, 192.

2. EVIDENCE—CONSTITUTIONAL LAW—PRESUMPTIONS—KNOWLEDGE OF LAW.

The doctrine that one is presumed to know the law has many proper applications; however, the application of this presumption must be exercised with care.

3. ZONING—ENFORCEMENT—ESTOPPEL.

A zoning board cannot wilfully ignore an important part of its own ordinance and thereby deprive a plaintiff of rights conferred by another part of the same ordinance.

DISSENTING OPINION

J. H. GILLIS, P. J.

4. ZONING—BUILDING PERMIT—NONCONFORMING USE—CONSTRUCTIVE NOTICE.

*A plaintiff was not entitled to a building permit to repair an abandoned nonconforming use, even though the township zoning ordinance provided that nonconforming uses and the abandonment of nonconforming uses had to be recorded and the proper notices had not been recorded before plaintiff purchased his property, where the ordinance provided that there was no right to continue an abandoned nonconforming use, because the plaintiff had constructive notice of the zoning ordinance's provisions dealing with nonconforming uses and their abandonment.*

5. ZONING—ENFORCEMENT—ESTOPPEL—PERMIT ISSUED.

*A city, as a general rule, cannot be estopped from enforcing its own zoning ordinance; this rule is inapplicable only where the municipality has erroneously issued a building permit and later seeks to rescind it.*

Appeal from Washtenaw, John W. Conlin, J. Submitted Division 2 August 18, 1970, at Detroit. (Docket No. 8,069.) Decided October 29, 1970. Leave to appeal granted February 22, 1971. 384 Mich 809.

Complaint for mandamus by Benjamin Rudnik against Floyd Mayers, Clerk of Northfield Township, and Clarence Hanselman, Washtenaw County Building Inspector, to compel the issuance of a building permit. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*L. Edwin Wenger,* for plaintiff.

*William F. Delhey,* Prosecuting Attorney, and *Karl V. Fink,* Assistant Prosecuting Attorney, for defendant Hanselman.

*Douglas K. Reading,* for defendant Mayers.

Before: J. H. GILLIS, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J. On June 17, 1965, plaintiff-appellant purchased certain real property in Northfield Township, Washtenaw County. The property had a cottage on it which appellant intended to use. A zoning ordinance, adopted in 1954 and amended in 1961, provided that every lot in the area on which a building was erected was to have not less than 6,000 square feet if public sanitary sewers were available, or not less than 8,000 square feet if public sanitary sewers were unavailable. The lot in question was less than 4,000 square feet in area. There was no public sanitary service available to serve the premises and no sanitary sewer facility existed on the property at the time of plaintiff's purchase.

The cottage had been in existence at the time the ordinance was passed and was allowed to remain as a nonconforming use. However, the cottage had not been occupied for some time before plaintiff's purchase.

After his purchase, plaintiff made various repairs, such as painting and replacement of windows. In the summer of 1965, plaintiff became aware of deterioration of the foundation of the cottage and

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

became fearful that it might collapse. He, therefore, desired to make repairs to the foundation of the cottage but was denied a building permit on the grounds that it was a nonconforming use, and the prior permitted nonconforming use had been discontinued because of abandonment.

On August 23, 1967, the plaintiff filed a complaint for a writ of mandamus to compel the defendants to grant him the building permit. Trial was held on February 8, 1968, and on April 1, 1969, an opinion was filed denying plaintiff's requested relief. Judgment was filed in accordance with the court's opinion and plaintiff takes this appeal.

The Northfield Township Permanent Zoning Ordinance provides at § 5.02:

"The lawful use of the premises existing at the time of the adoption of this ordinance may be continued, although such use does not conform with the provisions hereof. Such use may be extended throughout the building, provided no structural alterations, changes or expansions are made therein or thereon or thereto, except such as may be required by law, ordinance or regulation promulgated by proper governmental authority; or such as may be required for safety; or such as may be necessary to secure or insure the continued advantageous use of the building during its natural life; or the erection of its height, as originally planned and designed, of a building, with foundations and structural members designed to carry a higher building."

The trial court, in its opinion, found that the premises in question were such a nonconforming use but that this nonconforming use had been terminated by operation of § 5.04 of the ordinance, reading as follows:

"When a non-conforming use of building or land is discontinued through vacancy, lack of operation

or otherwise, for a continuous period of three (3) months, thereafter no right shall exist to maintain on said property a non-conforming use."

It was the finding of the trial court that non-use of the premises by the prior owner constituted an abandonment of the nonconforming use of the building chargeable against the plaintiff.

Plaintiff purchased the property in question with no notice of the nonconforming use. His lack of notice was in large part attributable to the failure of the township board and the zoning board to comply with the mandatory provisions of §§ 7.01 and 7.02 of the zoning ordinance which require the recording of nonconforming uses in the county.[1]

---

[1] Article VII Record of Non-Conforming Uses

Section 7.01 Immediately following the effective date of the ordinance, the township board or the zoning board, upon direction of the township board, or any person designated thereby shall make a record of all instances of uses of buildings, structures, premises and land which, on the effective date of this ordinance, are not in conformity with the regulations of the districts in which said properties are situated. Such record shall contain the name and address of the owners of such non-conforming use and of any other occupant than the owner, the legal description or descriptions of the property, and the nature and extent of the building and land uses. Such record shall be posted in a conspicuous place in the office of the township clerk for a period of thirty (30) successive days, and announcements of the posting thereof duly published in a newspaper having general circulation in the county for three (3) successive weeks. Errors or omissions shall be corrected in such records upon presentation of proof to the Northfield Township Board at the first meeting of the board following the close of the posting period. Such corrections may be made by the Northfield Township Board on its own motion or upon the petition of any citizen or his authorized representative. Following said meeting of the board, the corrected record shall immediately be filed in the office of the Register of Deeds. Such record shall constitute *prima facie* evidence of the extent and number of nonconforming uses existing at the time this ordinance became effective.

Section 7.02 Immediately after the corrected copy of the nonconforming uses is filed, the township clerk shall provide the township and/or county building inspector and the township zoning inspector with a copy thereof. Both inspectors shall observe these non-conforming uses and shall report semi-annually in writing to the Northfield Township Board on the continuing non-conforming uses and shall forthwith report the discontinuance of any nonconforming use, as and when observed; and the establishment of

The problem confronting the trial judge was properly conceived by him in his opinion:

"Inasmuch as the proper notices were not recorded in the Register of Deeds office, the title insurance policy, exhibit 7, made no reference to the non-conforming use of the property or its abandonment. If proper recording had been done, the title policy should have referred to these facts, and, plaintiff would have had actual notice of the situation. On the other hand, plaintiff is presumed to know the law, so it would be presumed that he knew the provision of the zoning ordinance, and, that unless the use of the property was a non-conforming use, that he could not occupy a lot the size of the present one. It would be presumed that he knew of the provision of the ordinance regarding abandonment of the non-conforming use, and, that when he purchased the lot the non-conforming use, had been abandoned and it was subject to the ordinance. Theoretically, he would have been so informed if inquiry had been made. Unfortunately he did not inquire, and due to the failure to record the facts, the title company did not report the situation to him."

We do not, however, agree with this resolution.

The doctrine that one is presumed to know the law has many proper applications. We should, however, exercise care in the application of this presumption lest we do violence to the very law of which we would have all persons take notice. See, *e.g., Lambert* v. *California* (1957), 355 US 225 (78

new uses in violation of this ordinance or amendments thereto. It shall be the duty of the township and/or [*sic*] building inspector, the township zoning inspector and the township clerk, as well as the supervisor of said township, to observe and report to the township board in the interim between assessment periods upon the establishment of new uses in violation of the ordinance within the area of their respective jurisdiction. The township clerk shall record all such reports as soon as reported, including the date of each.

S Ct 240, 2 L Ed 2d 419); *Averill* v. *Wood* (1889), 78 Mich 342, 351, 352. Its application in this case is not proper as it renders a nullity Art VII (§§ 7.01 and 7.02) of the Zoning Ordinance. It is to be presumed that the Northfield Township Board in the exercise of its powers determined that the protection extended to plaintiff by these sections was necessary and wise. It is not a permissible exercise of the judicial function for a court to reconsider this determination and substitute instead a judicial conclusion that because plaintiff is presumed to know the law, such protection was unnecessary.

Plaintiff who purchased without notice of the nonconforming use when the ordinance itself required a specific form of notice cannot, thereby, be deprived of the rights conferred on owners of nonconforming property by § 5.01. In other words, the township board and the zoning board cannot wilfully ignore an important part of its own ordinance and thereby deprive plaintiff of rights conferred by another part of the same ordinance.

Reversed and remanded for proceedings not inconsistent with this opinion.

Bronson, J., concurred.

J. H. Gillis, P. J. (*dissenting*). As a general rule a city cannot be estopped from enforcing its own zoning ordinances. In Michigan the exceptions to this general rule have occurred in those instances where a municipality erroneously issued a permit which it later attempted to rescind. See *Fass* v. *City of Highland Park* (1949), 326 Mich 19, and *Township of Pittsfield* v. *Malcolm* (1965), 375 Mich 135. Here plaintiff purchased the property in question *with notice* of the nonconforming use. His notice was constructive in that the zoning ordinance clearly spelled out the requirements. Unlike the

exceptions referred to in the *Fass* and *Pittsfield* cases, defendant township did not issue a building permit.

I would affirm the trial court.